# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2013

No. 12-40423
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GALDINO SIGALA GARCIA, also known as Pelon,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-123-4

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Galdino Sigala Garcia appeals his conviction and 135-month term of imprisonment imposed following his guilty plea conviction of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine. Sigala Garcia argues that there was not a sufficient factual basis for his guilty plea or to support the quantity of cocaine for which he was held accountable at sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Sigala Garcia did not object in the district court to the sufficiency of the factual basis for his plea, review is for plain error. *See United States v. Oliver*, 630 F.3d 397, 415 (5th Cir. 2011). In determining whether there has been plain error, the court may consider the entire record in assessing whether there is an adequate factual basis for a guilty plea, including the presentence report (PSR). *Id.* at 412; *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008). The district court was required to determine that as a matter of law, the record reflected Sigala Garcia's participation in the drug-trafficking conspiracy that involved as a whole more than 5 kilograms of cocaine. *See United States v. Turner*, 319 F.3d 716, 722-23 (5th Cir. 2003)*; United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc).

During the rearraignment, the district court ascertained Sigala Garcia's acknowledgment that he entered into an agreement with co-conspirator Victor Lopez to assist him in obtaining 10 kilograms of cocaine for distribution; that he obtained a cocaine source; that he and the other men developed a plan to have the cocaine delivered to the buyer, who was in fact the undercover agent; and that Sigala Garcia was to receive $1500 for his part in the criminal activity. His admissions were supported by the testimony of the undercover agent and the findings in the PSR. A review of the record as a whole shows that there was sufficient factual evidence presented to support the guilty plea and, thus, Sigala Garcia failed to show error, plain or otherwise, with respect to the validity of his guilty plea. Citing to the reasons he raised in the district court in seeking a downward variance from the sentencing guideline range, Sigala Garcia argues that his 135-month sentence of imprisonment is greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a) and is thus unreasonable. Sigala Garcia contends that the district court failed to consider the mitigating factor that his role in the offense had little relationship to the cocaine recovered on June 5, 2010. He also argues that the district court should have avoided

unwarranted disparities at sentencing, pointing out that his codefendant, Cardona-Palacios, received a 35-month sentence of imprisonment.

Although Sigala Garcia failed to object to the reasonableness of his sentence below, his reliance on the same arguments that he presented to the district court to support his request for a downward variance allows the court to find that he has preserved the reasonableness issue for appeal and to apply the abuse of discretion standard of review. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565 n.6 (5th Cir. 2008). A sentence imposed within a properly calculated guidelines range is accorded a presumption of reasonableness and is rebutted only if the district court fails to consider a significant factor, gives weight to an irrelevant factor, or clearly errs in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009)*; United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Sigala Garcia's argument that there was no evidence linking him to the drug sale was rebutted by his own admissions, the information in the PSR, and the testimony of the undercover agent at the sentencing hearing. Insofar as he argues that there was an unwarranted disparity in sentencing, he did not rebut the evidence that his codefendants immediately cooperated with the authorities and received the benefit of the safety valve provision while he pleaded guilty on the day his trial was scheduled and was precluded from the application of the safety valve based on his prior convictions. Sigala Garcia has not rebutted the presumption of reasonableness afforded his guideline sentence. *See Cooks*, 589 F.3d at 186. The district court did not abuse its discretion in imposing the guidelines sentence.

Sigala Garcia's conviction and sentence are AFFIRMED.